UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

CHRISTOPHER ALLAN BODEN, a/k/a "Captain,"
LEESA BETH VOGT, a/k/a "Lis Bokt,"
a/k/a "Moose," and
DANIEL REYNOLD DEJAGER,
a/k/a "Daniel Reynold," a/k/a "Daniel Miester,"
a/k/a "Danichi,"

        Defendants.
_____/

No. 1:21-cr-40

HON. ROBERT J. JONKER
Chief United States District Judge

## UNITED STATES' MOTION FOR A RULE 16(d) PROTECTIVE ORDER

The United States of America, by and through its counsel, United States Attorney Andrew Byerly Birge, and Assistant United States Attorney Justin M. Presant, respectfully moves pursuant to Federal Rule of Criminal Procedure 16(d) for a protective order that limits the use and dissemination of certain material and information produced by the government as discovery materials in this case ("Discovery Materials").

Discovery Materials to be produced by the government in this case include various documents and records that contain confidential "personally identifiable information" ("PII") such as phone numbers, residential addresses, account numbers, financial records, and other sensitive personal information. All parties have an obligation to protect PII. Redaction of the Discovery Materials is impractical both because of the volume of the Discovery Materials and because of defense counsel's need for the underlying information to defend the case.

Accordingly, the government respectfully requests an order restricting use of the Discovery Materials to purposes solely for the preparation of the defense, and prohibiting disclosure of the Discovery Materials except as necessary to the preparation of the defense in this case, and such determination of necessity is to be made by counsel for the defendants, not by the defendants themselves.  In addition, the government requests the order provide that disclosure of the Discovery Materials be limited to: (1) members of the defense teams in this case, these being co-counsel, paralegals, investigators, litigation support personnel, the defendants, and defense secretarial staff; (2) any experts or consultants used to assist in the preparation of the defense of this case; (3) any potential witnesses interviewed by the defense teams in the criminal case if it is determined that it is necessary to display records to such witnesses for the purpose of preparing the defense of this criminal case; and (4) the Court in connection with proceedings in this case.

The government further requests that counsel for the defendants: (5) shall not allow their clients to retain un-redacted copies of the Discovery Materials containing PII; and (6) will take all reasonable steps necessary to ensure that Discovery Materials containing PII are not improperly disclosed.

The government attempted to obtain defense counsel's consent to these provisions.  The primary issue in dispute is (5) above, namely whether the defendants themselves should be allowed to retain un-redacted Discovery Materials containing PII, for example, by removing them from counsel's office or possession.  Under this provision, the defendants would be allowed to take Discovery Materials home for review so long as their attorneys or their attorneys' staff redacted any PII on the Discovery Materials.  In the government's view, this is a reasonable restriction, which has been successfully used in a number of other cases in this Court, and is an appropriate way to protect PII here.

The intended document production in this case is more than 250,000 pages, in addition to approximately 20,000 native files. Facebook records comprise much of this volume, but it also includes other photographs, videos, audio recordings, reports of the examination of electronic devices, and financial records, among other documents. There are also approximately 100 electronic devices or storage media available for inspection and copying. Considering this volume of Discovery Materials, and given the need to protect PII, the government respectfully submits that the proposed restrictions are appropriate.[1]

Defense counsel also raised with the government what appeared to be secondary objections, which may remain points of contention. First, defense counsel objected to (6) above on the basis of redundancy. In the government's view, this provision is not redundant, and is instead a catch-all to ensure that if unanticipated issues arise involving PII, reasonable measures are taken to protect PII. Second, defense counsel suggested that the protective order impose similar obligations on the government. In the government's view, the issues addressed by the proposed protective order are asymmetrical, as the government has the burden to produce the vast majority of discovery in a criminal case, and defense productions, when made, often do not involve third-party PII nor are there concerns about the government's dissemination of that PII. Further, any restrictions on Discovery Materials should apply only to the receiving party, as the purpose of a protective order is to protect information produced in discovery. The government does not know if any of the defendants intend to make a production during the pendency of this

---

[1] Defense counsel has cited COVID-related issues as a reason why this provision is not feasible. The government is unaware of any legal or health-related reason why a defendant could not review documents containing PII in a socially-distanced setting at his or her attorney's office, or why the attorney's staff could not redact PII before sending it to the defendant to review remotely.

case.  In any event, if and when a defendant intends to make a production, the government is willing to consider any necessary restrictions at that time.

The government respectfully requests that the Court enter the proposed order submitted with this motion.

Respectfully submitted,

ANDREW BYERLY BIRGE
United States Attorney

Dated: March 10, 2021		/s/ Justin M. Presant
				JUSTIN M. PRESANT
				Assistant United States Attorney
				P.O. Box 208
				Grand Rapids, MI 49501
				(616) 456-2404
				justin.presant@usdoj.gov