UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                            Case No. 1:21-cr-40

v.                                           Hon. Robert J. Jonker
                                               Chief United States District Judge

CHRISTOPHER ALLAN BODEN,
LEESA BETH VOGT, and
DANIEL REYNOLD DEJAGER,

      Defendant.
_____/

**DEFENDANTS' JOINT RESPONSE TO GOVERNMENT'S MOTION FOR
A RULE 16(d) PROTECTIVE ORDER**

Defendant Leesa Vogt, by and through her attorneys, Matthew G. Borgula and Laura J. Helderop, respectfully requests that this Court deny the government's Motion for a Rule 16(d) Protective Order. Co-defendants Christopher Boden and Daniel DeJager join with Ms. Vogt in this response to the government's motion.

The defendants are not opposed to a reasonable protective order and agree that the documents produced through discovery should be shared only among members of the respective parties, prosecution, defense teams, and their respective experts or consultants. (R. 22, Government's Motion, PageID.72.) The defendants request, however, that those limitations apply equally to each party because much of the personal identifying information (PII) that could be disclosed is the defendants' PII.

The defendants oppose the additional request from the government that defense counsel prevent their clients from viewing un-redacted documents outside of their offices, unless counsel

first reviews and redacts the documents. (*Id;* condition (5).) The defendants also oppose the imposition of the special condition that should counsel not take "all reasonable steps necessary to ensure that Discovery Materials containing PII are not improperly disclosed" then they would be in violation of this Court's Order. (*Id;* condition (6).)

The defendants in this case have no criminal history and the government has not alleged that they have used or attempted to use anyone's PII inappropriately. There is no stated concern that the defendants will somehow use information within the discovery improperly or will otherwise disclose it to a third-party. The reasons for restricting full access to the discovery in this case appear to be based solely on general policy grounds for protecting PII. While the defendants support those policies, they do not wish this Court to impose restrictions that could hamper their defense.

The defendants wish to assist in their defense by reviewing documents outside their attorney's offices whenever they can. This is particularly true in this case where the defendants are highly educated, have other obligations during business hours, and are paying for their own defense. They need access to the materials without restriction so that they can assist counsel by directing them to critical documents. Viewing that much discovery only in defense counsels' offices is impractical. The defendants will have limited hours to review the materials during business hours, when their lawyer's computer and space is available.[1]

Further, it is impractical to suggest that should the defendants wish to review documents outside of their lawyers' offices, the defense counsel can simply redact all the discovery before their clients see it. Just as the government does not wish to take the time to redact the documents

---

[1] Defense counsel do not intend to print out 250,000 documents for review, therefore, their clients would have to use counsel's computer or otherwise be in violation of the Proposed Order.

2

it seized from the defendants approximately two years ago, defense counsel cannot be expected to do so within the time constraints of the Speedy Trial Act, and at incredible cost to their clients.

As defense counsel for Ms. Vogt has informed the government, the discovery would be presented to Ms. Vogt via secure, password protected links, adding an extra layer of protection over the dissemination of the discovery. The only people who would have access to the password protected files would be defense counsel and client. The defendants are more than willing to agree not to disseminate the discovery or its contents to anyone, but merely want the ability to view the voluminous discovery at a computer outside of their lawyers' offices.  Alternatively, this Court should order that the government provide a redacted set of discovery that protects PII and that can be provided to the defendants so that they may prepare their defense.

Respectfully submitted,

Dated: March 15, 2021

/s/ Matthew G. Borgula
Matthew G. Borgula
Laura J. Helderop
SPRINGSTEAD BARTISH BORGULA & LYNCH, PLLC
60 Monroe Center NW, Suite 500
Grand Rapids, MI  49503
(616) 458-5500


/s/ Brian P. Lennon (w/ permission)
Brian P. Lennon (P47361)
WARNER NORCROSS & JUDD, LLP
150 Ottawa Ave NW, Suite 1500
1500 Warner Building
Grand Rapids, MI 49503-2832
(616) 752-2000

/s/ Brett A. Purtzer (w/ permission)
Brett A. Purtzer
HESTER LAW GROUP, INC., P.S.
1008 S. Yakima Avenue, Suite 302
Tacoma, WA 98405
(253) 272-2157