UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

LEESA BETH VOGT,

        Defendant.
_____/

Case No. 1:21-cr-40

Hon. Robert J. Jonker
Chief United States District Judge

## DEFENDANT LEESA VOGT'S SENTENCING MEMORANDUM

On October 6, 2021, Defendant Leesa Vogt entered a guilty plea to one count of structuring, in violation of 31 U.S.C. § 5324(a)(3). This Court will sentence Ms. Vogt on February 17, 2022. United States Probation calculated Ms. Vogt's base offense level to be 23 and her criminal history category at I. Ms. Vogt's advisory guidelines range is 46 to 57 months' incarceration. Ms. Vogt lodges one objection to the probation officer's recommendation that a two-point enhancement should apply because the structured funds were the proceeds of an unlawful activity or were intended to promote unlawful activity.[1]

### BACKGROUND

In approximately 2017, The Geek Group (TGG), a non-profit organization, began selling bitcoin as a way to earn more money to support TGG's mission. TGG would offer bitcoin to its customers and then have a third party actually provide the bitcoin, as a type of bitcoin exchange. Prior to setting up the bitcoin exchange, TGG members looked into whether selling bitcoin itself

---

[1] Ms. Vogt files a separate motion for variance which addresses her request that the Court consider a variance from the guidelines range based upon the 3553 factors concurrent with this memorandum. This memorandum addresses only her objection to the scoring of those guidelines.

was legal, and "were told as long as they were keeping their total daily limit below $5,000 or $10,000, they were fine and TGG went with $5,000 a day to be safe." (R. 77, PSR, PageID.399.) TGG's members were under the impression that they were following the law when it came to selling bitcoin in the manner in which they sold it. Defendant Chris Boden conducted most of TGG's bitcoin sales, especially the transactions that earned the most money. Other employees and volunteers, including Ms. Vogt, conducted some minor bitcoin transactions while working at TGG's front desk. Unfortunately, TGG should have registered the bitcoin exchange as a money transmitting business.

Ms. Vogt sometimes deposited money on TGG's behalf. Those deposits included membership dues, donations, and earnings from TGG's bitcoin sales. When Ms. Vogt made deposits, she did so in increments less than $10,000 to avoid filling out a currency transaction report because that is how she was instructed TGG should deposit its money. While Ms. Vogt knew that structuring deposits in this way was designed to avoid the reporting requirement, Ms. Vogt believed that TGG earned the deposited funds lawfully and did not know that structuring the money in increments less than $10,000 was a federal crime.

## ARGUMENT

Ms. Vogt objects to probation's recommendation that she receive a two-level enhancement alleging that she "was aware funds from the offense were proceeds of unlawful activity or were intended to promote unlawful activity." (R.77, PSR, PageID.408.) Federal law mandates that banks submit transaction reports for each deposit, withdrawal, currency transaction that exceeds $10,000. 31 U.S.C. § 5313; 31 C.F.R. §§ 1010.311, 313. The Guidelines allow for a two-point sentencing enhancement if the government can establish that "the defendant knew or believed that the funds

were proceeds of unlawful activity or were intended to promote unlawful activity." U.S.S.G. § 2S1.3(b)(1)(A).

## I. Ms. Vogt Did Not Structure the Proceeds of Unlawful Activity.

Neither the structuring statute nor the applicable guidelines provision defines "proceeds;" however, the federal money laundering statute explains that "proceeds of an unlawful activity" must represent proceeds from "some form, though not necessarily which form, of activity that constitutes a felony." 18 U.S.C. § 1956(c)(1). "'Proceeds' include 'what is produced by or derived from something (as a sale, investment, levy, business) by way of total revenue.'" *United States v. Prince*, 214 F.3d 740, 747 (6th Cir. 2000) quoting *United States v. Haun*, 90 F.3d 1096, 1101 (6th Cir. 1996). The two-point enhancement in U.S.S.G. § 2S1.3(b)(1)(A) is not applicable where there is "insufficient evidence about the source of the funds involved in the currency structuring offenses to determine whether the funds were the proceeds of lawful or unlawful activity." *United States v. Sweeney*, 611 F.3d 459, 478 (8th Cir. 2010).

Here, Ms. Vogt admits that she attempted to structure cash deposits from the sale of bitcoin (and other TGG gross revenue), however, those sales standing alone were not illegal. Thus, the government cannot establish that the money Ms. Vogt deposited from the sale of bitcoin constitutes "proceeds" of an unlawful activity. Similarly, operating a *licensed* money transmitting business is not illegal and, therefore, cannot generate criminal proceeds. Operating an *unlicensed* money transmitting business is unlawful, however, the deposited funds or proceeds here came from the sale of bitcoin and was not the product of the unlawful activity here – operating a money transmitting business without a license.

Applying this enhancement to these set up facts is a round hole, square peg situation. The typical example where this enhancement might apply is to drug trafficking organizations. There,

3

drug dealers sell illicit drugs and structure the proceeds of those cash sales, meriting the enhancement. Similarly, if a fraudster takes his ill-gotten gains and structures them, a two-level enhancement would also apply. Here, however, there were no criminal proceeds structured. Thus, Ms. Vogt cannot be held responsible for the guideline enhancement knowingly structuring the proceeds of unlawful activity.

## II. Ms. Vogt Did Not Structure to Promote Unlawful Activity.

As with the sale of bitcoin, operating a money transmitting business in and of itself is not illegal. See 18 U.S.C. § 1960 (providing that only those money transmitting businesses that are required to be licensed and fail to obtain the necessary license are illegal). In this case, the defendants' operation of a bitcoin exchange service without a proper license violates 18 U.S.C. § 1960. The unlawful activity, however, was not the money transmitting business itself – it was the failure to register and license that business. Typically, this enhancement applies in non-regulatory crimes. See, e.g., *United States v. Packer*, 70 F.3d 357, 361 (5th Cir. 1995) (finding that enhancement applied where evidence showed that defendant believed money was going to be used to support himself and a woman who he aided in her flight to avoid prosecution on murder charges). Ms. Vogt did not structure the sale of bitcoin to *promote* the failure by Chris Boden or the TGG to license the money transmitting business, which was the unlawful activity here. At most, Ms. Vogt structured the funds to provide a service to TGG's customers and promote TGG's mission as a non-profit organization. The enhancement should not apply.

## CONCLUSION

Ms. Vogt respectfully requests that this Court find that the two-level enhancement does not apply. If this Court agrees, Ms. Vogt's new advisory guidelines range would be 37-46 months.

Respectfully submitted,

Dated: February 10, 2022

/s/ Matthew G. Borgula
Matthew G. Borgula (P57330)
Laura J. Helderop (P82224)
SPRINGSTEAD BARTISH BORGULA & LYNCH, PLLC
60 Monroe Center NW, Suite 500
Grand Rapids, MI 49503